UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEBRA DEJEAN                                            CIVIL ACTION

VERSUS                                                  NO. 22-5381

STATE FARM FIRE & CASUALTY                              SECTION "R" (3)
COMPANY, ET AL.

## ORDER AND REASONS

Before the Court is defendant State Farm Fire and Casualty Company's
unopposed motion for involuntary dismissal under Federal Rule of Civil
Procedure 41(b).[1]  For the following reasons, the Court grants in part and
denies in part the motion.

## I.      BACKGROUND

The law firm McClenny, Moseley & Associates ("MMA") filed this
action on behalf of plaintiff on December 21, 2022.[2]  The case, along with all
other cases filed by MMA pending in this District, was subsequently stayed
due to fraudulent conduct by the firm.[3]  Plaintiff's counsel withdrew, leaving

---

[1]     R. Doc. 19.
[2]     R. Doc. 1.
[3]     R. Docs. 6-8.

her unrepresented.[4]   On June 30, 2023, Chief Magistrate Judge Michael North sent a letter to plaintiff notifying her of the action and informing her that, to proceed with the lawsuit, she could take one of three actions: (1) retain a new lawyer, (2) represent herself, or (3) dismiss the lawsuit and waive her rights regarding the insurance claim at issue therein.[5]   The letter also ordered plaintiff to notify the Court of her decision within sixty days and noted that her failure to respond may result in dismissal of her case.[6]

Defendant now moves for involuntary dismissal with prejudice under Federal Rule of Civil Procedure 41(b) as it has been more than sixty days since the letter was transmitted to plaintiff, and plaintiff has not responded.[7]

The Court considers the motion below.


## II.   LAW AND ANALYSIS

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."   Dismissal with prejudice for failure to comply with a court order should be a last resort, and

---

[4]   R. Docs. 9-12.
[5]   R. Doc. 13.
[6]   *Id.*
[7]   R. Docs. 19 & 19-1.

"[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate." *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008). Dismissal with prejudice under Rule 41(b) is appropriate only "where there is a 'clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice.'" *Id.* (quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985)).  Typically, one of three aggravating factors must be present: "(1) delay caused by the plaintiff [herself] and not [her] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).  Conversely, dismissal without prejudice is not an adjudication on the merits, and, thus, courts are afforded greater discretion in dismissing claims for failure to prosecute or failure to comply with any court order in this manner.  *See Brooks v. Pinkerton Sec.*, 3 F.3d 439, 1993 WL 347230, at *1 (5th Cir. 1993) (citing *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)).

Here, defendant points to plaintiff's failure to respond to Chief Magistrate Judge North's letter as grounds for dismissal.[8]  To date, more

---

[8]     R. Doc. 19-1.

than eight months have passed since plaintiff's deadline to respond to the letter.[9]  Plaintiff has not returned a completed selection form enclosed with the letter, nor has she retained new counsel or attempted to prosecute this case as a *pro se* litigant.  Indeed, there has been total inactivity on plaintiff's part in the case since Chief Magistrate Judge North mailed plaintiff the letter on June 30, 2023.  Given plaintiff's ongoing failure to comply with the Court's directive, the Court finds a "clear record of delay."  *See, e.g.*, *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 360 (5th Cir. 2020) (affirming dismissal of claims of plaintiff who "failed to comply with the court's order to submit a complete [fact sheet] for nearly five months"); *Gartin v. Par Pharm. Co.*, 289 F. App'x 688, 692, 694 (5th Cir. 2008) (holding that a delay of seven months in serving one of the defendants was a clear record of delay).

Nevertheless, the Court is not satisfied that involuntary dismissal with prejudice is appropriate at this time.  This Court has not previously imposed "lesser sanctions" for plaintiff's delay, and there is no evidence that plaintiff's delay has caused actual prejudice to defendant, or that plaintiff has intentionally delayed.  *See Bryson*, 553 F.3d at 403.  The Court therefore

---

[9]    Chief Magistrate Judge North issued the letter on June 30, 2023, which specified that plaintiff must respond within sixty days, or by August 29, 2023.  R. Doc. 13.

finds that the lesser sanction of dismissal without prejudice is warranted. *See id.* ("Lesser sanctions such as fines or dismissal without prejudice are usually appropriate."); *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal without prejudice of action for want of prosecution where litigant was given four months to respond to a court order, yet failed to do so, and the court warned that failure to respond could result in dismissal); *see also Williams v. Am. Zurich Ins. Co.*, No. 22-4777, 2024 WL 1967155, at *2 (E.D. La. May 3, 2024) (granting defendant's motion for involuntary dismissal after finding clear record of delay, but denying request that such dismissal be with prejudice because lesser sanction of dismissal without prejudice was more appropriate).

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART defendant's motion for involuntary dismissal.  The Court GRANTS defendant's request for involuntary dismissal, but DENIES the request insofar as it seeks dismissal with prejudice.  Accordingly, the plaintiff's claims against defendant are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __6th__ day of May, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

6